**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| TARAN CHAMPAGNE, | § | |
| PLAINTIFF, | § | |
| V. | § | |
| | § | |
| KARIN CRUMP, | § | 1: 19-CV-1076-LY-ML |
| DEFENDANT. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the undersigned are Plaintiff Taran Champagne's ("Champagne") Complaint (Dkt. #1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. #2).[1] Because Champagne is requesting permission to proceed *in forma pauperis*, the undersigned must determine whether he is indigent. If Champagne is allowed to proceed without payment of fees and costs, the undersigned must make an initial review and recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

After reviewing the financial information in Champagne's *in forma pauperis* motion, the undersigned finds that he is indigent. Accordingly, the undersigned hereby **GRANTS** Champagne *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Champagne is further

---

[1] These motions have been referred to the undersigned for a Report and Recommendation by United States District Judge, Lee Yeakel, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

advised that although he has been granted leave to proceed *in forma pauperis*, the court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The undersigned has conducted a section 1915(e) review of the claims made in Champagne's Complaint. For the reasons stated below, the undersigned **RECOMMENDS** Champagne's claims be **DISMISSED** without prejudice. Therefore, service upon Defendant should be withheld pending the District Court's review of the recommendation made in this report.

## II.   REVIEW OF THE MERITS OF THE CLAIMS

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review his Complaint. A district court "shall dismiss" a case brought *in forma pauperis* at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

A pro se litigant must be afforded the utmost deference in crafting a pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *see also* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a petitioner's pro se status does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."

*Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Even under this liberal construction, however, Champagne's Complaint fails to assert a colorable claim.

### A.      Factual Allegations and Claims

Champagne's Complaint appears to be predicated on the result of a child custody dispute previously adjudicated by the Defendant – Judge Karin Crump.[2] Dkt. #1 at 2. Although his exact claims are difficult to discern, Champagne's Complaint contains numerous allegations against Judge Crump in her official capacity as Judge of the 250th Travis County Civil District Court, including that she is "impersonating a judicial officer" and committing "perjury upon [her] oath of office." *Id.* Furthermore, Champagne states that Judge Crump "seeks to . . . [d]eprive the Plaintiff of his Natural-Law possessory rights to his child . . . [c]onscript the Plaintiff into an illegal adhesion contract that gives [his] ex-partner possessory rights over the offspring and . . . [e]xtort monthly support payments from the Plaintiff for property that was never abandoned." *Id.* Champagne also alleges that Judge Crump has undertaken these actions "because men still get paid more than women and therefore it is beneficial to the state to conscript the party with the higher income." *Id.* at 4.

Champagne  appears to claim that Judge Crump's actions were violations of both his substantive and procedural due process rights. *Id.* at 3. Additionally, when read with the lenience afforded to pro se plaintiffs, the allegation that Judge Crump's decision was the result of impermissible gender discrimination gives rise to a claim for the violation of Champagne's right to equal protection. Champagne concludes by seeking a wide variety of injunctive relief against Judge Crump – including requests that Judge Crump be enjoined from  "[c]ommitting theft of

---

[2] While Champagne does not directly identify Karin Crump as a judge, this court takes judicial notice of that fact. *See Weaver v. United States*, 298 F.2d 496, 498 (5th Cir. 1962) ("Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed.").

[Champagne's] property," "terminat[ing] [Champagne's] parent-child-relationship," "[c]onscripting [Champagne] into an illegal adhesion contract that gives [his] ex-partner possessory rights over the offspring," and "[and] [e]xtorting monthly support payments from Champagne." *Id.* at 4–5. Champagne further requests the court prevent Judge Crump from "[c]ommitting perjury upon [her] oath of office [and] . . . [i]mpersonating a judicial officer." *Id.* at 5. Accordingly, Champagne's Complaint is best understood as presenting multiple claims under 42 U.S.C. § 1983 for violations of his constitutional rights to due process and equal protection.

### B.    Discussion

The *Rooker-Feldman* doctrine applies to "cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced [4] and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman* "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Even constitutional questions arising in state trial court decisions should "be reviewed and corrected by the appropriate state appellate court," and may only be considered at the federal level under "an application for a writ of certiorari to the United States Supreme Court." *Id.* The Fifth Circuit has repeatedly upheld the application of the *Rooker-Feldman* doctrine to federal claims based on state district court decisions. *See Kam v. Dallas Cty.,* 756 F. App'x 455, 455–56 (5th Cir. 2019) (applying *Rooker-Feldman* to a federal claim based on the result of a will-contest suit in state probate court); *Bibbs v. Harris*, 578 F. App'x 448, 449 (5th Cir. 2014) (applying *Rooker-Feldman* to a federal claim based on a divorce adjudication in state district court); *Salinas v. U.S. Bank Nat'l*

*Ass'n*, 585 F. App'x 866, 866–67 (5th Cir. 2014) (applying *Rooker-Feldman* to a federal claim based on a judgment in state bankruptcy court).

Champagne's Complaint is a collateral attack on a state court judgment and, therefore, is barred under the *Rooker-Feldman* doctrine. Each of Champagne's alleged injuries directly resulted from Judge Crump's previous adjudication of the underlying family-law matter: Champagne's lost custody of the child, his requirement to abide by Judge Crump's possession order, and his mandate to pay child support. Moreover, Champagne's Complaint essentially asks this court to vacate Judge Crump's prior judgment by restoring Champagne to the custodial rights and responsibilities he enjoyed prior to that litigation. Accordingly, Champagne is a state-court loser requesting this court to reject Judge Crump's family-court decision. Because Champagne's Complaint depicts the exact kind of collateral attack on a state court judgment by a state-court loser that the *Rooker-Feldman* doctrine precludes, this court lacks jurisdiction to entertain Champagne's allegations.

This court also lacks jurisdiction over the Complaint pursuant to the domestic-relations exception. The domestic relations exception makes clear that federal courts should not issue or modify "a divorce, alimony, or child custody decree." *Saloom v. Texas Dep't of Family & Child Protective Servs.*, 578 F. App'x 426, 429-30 (5th Cir. 2014) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 701-02, 706-07 (1992)). State courts have traditionally handled domestic-relations cases and "have developed a proficiency and expertise in these cases and a strong interest in disposing of them." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). "Thus, federal courts generally abstain from resolving cases involving intrafamily relations," including child-custody actions. *Evans v. Williamson Cty. Gov't, Tex.*, A-15-CV-436-SS, 2015 WL 4621449, at *5 (W.D. Tex. May 28, 2015). Even when a domestic-relations suit is "brought in the guise of a civil rights or federal question action, federal courts will decline to exercise jurisdiction." *Shean*

*v. White*, 620 F. Supp. 1329, 1331 (N.D. Tex. 1985). Exercising jurisdiction over Champagne's claims would require the court to wade deeply into domestic relations; the entirety of his requested relief implicates matters of child custody and child support. Such an exercise is inappropriate under the domestic-relations exception, especially when the plaintiff still has a forum in which to bring his constitutional claims, namely, the state appellate system.

Finally, Champagne's claims against Judge Crump are barred by absolute judicial immunity. A judge acting in his or her capacity as a judicial officer, with subject matter jurisdiction, is entitled to absolute judicial immunity "even when the judge is accused of acting maliciously and corruptly." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (emphasis in original). Because Judge Crump never ceased to act in her official capacity as a judge, she is entitled to absolute immunity and is not subject to an injunction from this court, even under 42 U.S.C. § 1983. *See Machetta v. Moren*, 726 F. App'x 219, 220 (5th Cir. 2018) (noting that under section 1983 injunctive relief is not available against a judge acting in his or her official capacity "unless a declaratory decree was violated or declaratory relief was unavailable").

In summary, the court should abstain from hearing Champagne's claims because the Complaint is a collateral attack on a state suit concerning domestic relations and is best left to the state appellate process. Considering this fact, and because Champagne's requested relief is barred by absolute judicial immunity, the Complaint is based on a meritless legal theory and must be dismissed as frivolous under 28 U.S.C. § 1915(e).

## III.   ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Champagne's Application to Proceed *In Forma Pauperis* (Dkt. #2). The undersigned **RECOMMENDS** the District Court **ABSTAIN** from

exercising jurisdiction in this case and **DISMISS WITHOUT PREJUDICE** Champagne's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Court should now be canceled.

## IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED April 20, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE